**FILED**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NOV 2 5 2014

EUGENE R. WEDOFF,
BANKRUPTCY JUDGE

In re:

MARY L. CARTER,

Debtor.

Case No. 14 B 11031

Chapter 7

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING APPLICATION OF SEYFARTH SHAW, LLP, ATTORNEYS FOR TRUSTEE, FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $4,672.00 | TOTAL COSTS REQUESTED: | $182.60 |
| TOTAL FEES REDUCED: | $1,141.95 | TOTAL COSTS REDUCED: | $0 |
| TOTAL FEES ALLOWED: | $3,530.05 | TOTAL COSTS ALLOWED: | $182.60 |

**TOTAL FEES AND COSTS ALLOWED: $3,712.65**

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

**(2)    Unreasonable Time**

The Court denies the allowance in part of compensation for the following task since the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone*, 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman*, 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case. *In re Wildman*, 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.*, 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (compensation limited to 5%). *See also In re Pettibone Corp.*, 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (citing *Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) (in non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).

**(12)    Clerical Work Not Compensable**

The court disallows the compensation of clerical or stenographic employees of the professional for the performance of routine clerical or administrative activities in the normal course of the professional's business, such as photocopying, secretarial work, or routine filing. Such activities are not in the nature of professional services and must be absorbed by the applicant's firm as an overhead expense. *In re Dimas, LLC*, 357 B.R. 563, 577 (Bankr. N.D. Cal. 2006) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989)). *See also In re Chellino*, 209 B.R. 106, 114 (Bankr. C.D. Ill. 1996) (Paralegal, but not "clerk" services entitled to compensation at an hourly rate; clerk

activities are overhead of the professional); *Souza v. Miguel*, 32 F.3d 1370, 1375 (9th Cir. 1994) (Trustee not entitled to reimbursement or compensation of overhead expenses such as secretarial, stenographic, clerical, and routine messenger services).

Dated: November 25, 2014

                                                            _____
                                                            Eugene R. Wedoff
                                                            United States Bankruptcy Judge

## INVESTIGATION OF ESTATE CLAIMS/ADVERSARY PROCEEDINGS/LITIGATION

| Date | Description | Timekeeper | Hours | Value |
|---|---|---|---|---|
| 06/10/14 | Prepare motion to turnover funds from the cash value of Debtor's insurance policy with Prudential. | J. McManus | 1.30 | 370.50 |
| 06/11/14 | Revise motion to turn over insurance proceeds (.90); prepare creditor service list (.40); prepare motion to retain Seyfarth (1.20). [handwritten: 1.8 / .50 (2)] | J. McManus | 2.50 [handwritten edit] | 712.50  −199.50 |
| 07/11/14 | Review order of discharge. | C. Harney | 0.10 | 37.50 |
| 07/15/14 | Review docket and application in preparation of hearing (.20); in court for hearing on application (1.0); conference with J. McManus regarding same and email to G. Paloian regarding same (.20). | C. Harney | 1.40 | 525.00 |
| 07/16/14 | Conference with J. McManus regarding letter to Prudential (.10). | C. Harney | 0.10 | 37.50 |
| | **TOTAL** | | **5.40** | **$1,683.00** |

[handwritten bottom right: −199.50]

## CASE ADMINISTRATION

| Date | Description | Timekeeper | Hours | Value |
|---|---|---|---|---|
| 06/30/14 | Review/analyze Motion for Turnover (.20); review/analyze application to retain Seyfarth Shaw (.20); review/analyze affidavit (.10); review/analyze docket and calendar for notice of motion (.10); conference with J. McManus regarding same and edits to pleadings (.20); review proposed order (.10). | C. Harney | 0.90 | 337.50 |
| 06/30/14 | Confer with C. Harney regarding suggested edits to motion to Retain Seyfarth and Motion to Turnover insurance funds (.10); finalize Motion to Retain Seyfarth (.20); revise service list (.20); revise Harney Affidavit (.30); prepare proposed Order (.20); cause retention (.12) motion to be filed with the Court (.20); finalize turnover motion (.30); prepare proposed Order (.30); cause (.12) turnover motion to be filed with the Court (.20); oversee service of motions (.10).   .60 | J. McManus | 2.10 | 598.50 -114.00 |
| 06/16/14 | Prepare Motion to Retain Seyfarth (.70); prepare Harney Affidavit in support of motion (.50). (2)   .40 | J. McManus | 1.20 / 1.00 | 342.00 -57.00 |
| 06/19/14 | Draft Exhibit A to C. Harney's Affidavit (Carter) (.20); compare C. Harney Affidavit and J. Sowka Affidavit to identify items requiring edit (Carter) (.40); edit Harney Affidavit (Carter) (.30). | J. Ziegler | 0.90 | 90.00 |
| 06/23/14 | Review results of conflicts search regarding Seyfarth retention. | J. McManus | 0.20 | 57.00 |
| 06/26/14 | Revise Harney Affidavit. (2) | J. McManus | 0.40 .1 | 114.00 -85.50 |
| 06/26/14 | Insert conflicts chart into Carter affidavit. | J. Ziegler | 0.10 | 10.00 |
| | **TOTAL** | | 5.80 | $1,549.00 |

-256.50

## FEE APPLICATIONS

| Date | Description | Timekeeper | Hours | Value |
|---|---|---|---|---|
| 09/15/14 | Prepare First and Final Trustee Fee Application. | J. Ziegler | 1.20 | 120.00 |
| 09/16/14 | Prepare Seyfarth Fee Application (1.00); draft Exhibit to Trustee Fee Application (.90); confer with J. Ziegler regarding finalizing fee application (.10). | J. McManus | 2.00 | 570.00 −285.00 |
| 09/22/14 | Revise Final Seyfarth Fee Application. | J. McManus | .60 | 171.00 −1.95 |
| 09/24/14 | Revise Final Trustee Fee Application (1.20); prepare charts for Final Seyfarth Fee Application (.60). | J. Ziegler | 1.80 | 180.00 |
| 9/24/14 | Review/edit Final Seyfarth Fee Application (.70); revise exhibit to same (.70). | J. McManus | 1.40 | 399.00 −399.00 |
| | **TOTAL** | | 7.00 | $1,440.00 |

*Handwritten notes:* ② Total Fees = 4,672.00; Deductions = 376.00; Time/Fees on Atty Fee App = 915.00; Total Allowed, Non-Fee App Fees = 3381.00, per ②, only 5% is allowed for fee app.

| Task | Description | Hours | Value |
|---|---|---|---|
| A | Case Administration | 3.00 | $936.00 |
| N | Investigation of Estate Claims/Adversary Proceedings/Litigation | 8.20 | $2,296.00 |
| C | Fee Applications | 7.00 | $1,440.00 |
| **TOTAL** | | 18.20 | $4,672.00 |

| Date | Disbursements | | Value |
|---|---|---|---|
| | **Copying** | | |
| 06/30/14 | Copying (1,812 copies @ $0.10 per page) | | 181.20 |
| 07/16/14 | Copying (14 copies @ $0.10 per page) | | 1.40 |

**Total Disbursements**  182.60

**Total Fees And Disbursements This Statement**  $4,854.60

−685.95